UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF SHEET METAL WORKERS )
LOCAL 63 HEALTH & WELFARE FUND, et al )
                                                    ) C. A. NO. 05-30207-KPN
    Plaintiffs )
)
v. )
)
AIRPRO MECHANICAL, CO. )
)
    Defendant )
)

## DECLARATION OF BRIGITTE DUGRE

Brigitte Dugre, being duly sworn, says:

1. I am presently the Administrator of Sheetmetal Workers Local Union No. 63 Health & Welfare Fund and Supplemental Pension Fund.

2. In that capacity I am responsible for receiving the amounts due to be paid to the said funds and to other employee benefit funds (referred to collectively as "the Funds") affiliated with Sheetmetal Workers Local Union No. 63 by the employers who have entered into collective bargaining agreements with the Sheetmetal Workers Local Union No. 63 in which they have agreed to make contributions to the Funds.

3. Defendant AirPro Mechanical has failed to make contributions and payments to the plaintiff Funds for hours of work performed by its employees in December 2004, and the Funds have calculated that defendant is delinquent in its contributions and payments due to the Funds based on those hours of work and the applicable hourly contribution rates in the principal amount of $4,088.25.

4. The collective bargaining agreement referenced above upon which defendant's contribution obligation is based provides for interest on delinquent contributions to be assessed at the rate of 15% per annum, and such interest is also expressly mandated by law. 29 U.S.C. §1132(g)(2)(B).

5. The Funds have calculated the interest charges on the principal amount owed to the Funds by AirPro Mechanical Co. based on the applicable interest rate computed to through December, 2005 to be $613.24.

6. Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C) provides for an additional assessment of interest as liquidated damages.

7. The Funds have calculated the liquidated damages to be $613.24.

8. The reasonable attorney's fees for instituting and prosecuting this action that are required by the relevant collective bargaining agreements and that are also expressly mandated by law, 29 U.S.C. §1131(g)(2)(D), are $820.00.

9. The costs incurred by the plaintiff in bringing this action consisting of filing and service fees total $254.00.

10. The total amount owed to the Funds by defendant consisting of the separate amounts listed in paragraphs 3 through 9 of this affidavit, totals $6,388.73.

11. The defendant is neither an infant and/or an incompetent person, nor in the military services of the United States.

I declare under the penalties of perjury that the foregoing is true and correct this ᵗʰ day of December, 2005.

_____
Brigitte Dugre, Fund Administrator